State v. Carr

STATE OF NORTH CAROLINA v. WILLIE CARR AND WILLIAM BILL DAVIS

No. 735SC582

(Filed 6 February 1974)

1. Criminal Law § 87— redirect examination of witness — propriety of question

The District Attorney did not invade the province of the jury in asking a State's witness on redirect examination, "The 1968 Ford that you were driving or riding in the day that you and these two defendants stole the Geedy vehicle, whose Ford was that?" since, in formulating the question, the District Attorney relied upon prior testimony which was admitted without objection.

2. Criminal Law § 71— testimony as to defendant's vehicle — shorthand statement of fact

Where a State's witness testified that he sold defendant a car, a bill of sale giving the serial number of the car was introduced, and a detective then testified that he took into possession the car described

by the State's witness, such testimony did not invade the province of the jury in determining whether or not it was the same vehicle; rather, the detective's testimony constituted a shorthand statement that the car he took bore the same serial number as that sold to defendant.

**3. Searches and Seizures § 1— impoundment of vehicle — necessity of voir dire to determine legality**

Where the evidence tended to show that a detective took into his possession a vehicle operated by the brother of defendant following the arrest of the brother for driving without a license, driving without a registration card, and operating a vehicle without liability insurance, and the vehicle was then impounded according to standard procedure in order to protect the vehicle and its contents, the trial court did not err in refusing to hold a *voir dire* to determine legality of the impoundment.

**4. Criminal Law § 84— search of impounded vehicle by private citizen — admissibility of evidence**

Trial court did not err in allowing a witness to testify that he searched an impounded vehicle and identified thereon parts which had previously been stolen from a vehicle belonging to him, since the search was made by a private individual and no question of an unlawful search in the constitutional sense was raised.

APPEAL by defendants from *Rouse, Judge,* 5 March 1973 Session of Superior Court held in NEW HANOVER County. Argued in the Court of Appeals on 27 November 1973.

Defendants were each tried upon the first count of bills of indictment containing three counts. The first count in each indictment alleged the felonious larceny of a 1967 Chevrolet, the property of John Edward Geedy. The State took a "nol pros with leave" as to the second and third counts in each bill.

Quinton Irvin Brown (Brown), charged with the same offense as defendants, testified for the State. Brown testified that in July 1972, he and defendants went to Wilmington, stole a 1967 Chevrolet Chevelle automobile, and removed from it a console, drive shaft, engine, mag wheel rims, transmission, and rear end. The vehicle was then abandoned in a wooded area. Brown was arrested on 8 September 1972 for automobile larceny.

Detective C. H. Page of the Wilmington Police Department testified that on 11 September 1972 he stopped and took into his possession a 1966 Chevrolet Chevelle belonging to defendant Davis. The vehicle was impounded at Parrish Wrecker Service in Wilmington.

While the impounded vehicle was at Parrish Wrecker Service, John Edward Geedy examined the vehicle and identified the

State v. Carr

parts missing from his vehicle installed on the impounded vehicle.

Defendants offered no evidence. The jury found each defendant guilty, and they have appealed.

*Attorney General Morgan, by Assistant Attorney General Harris, for the State.*

*Charles E. Rice III, for defendant Willie Carr.*

*Stephen E. Culbreth, for defendant William Bill Davis.*

BROCK, Chief Judge.

Defendants contend that the trial court committed prejudicial error upon two occasions in allowing, over objection, testimony which invaded the province of the jury.

[1] Specifically, defendants first contend that the District Attorney invaded the jury province in asking Brown the following question: "The 1968 Ford that you were driving or riding in the day that you and these two defendants stole the Geedy vehicle, whose Ford was that?"

An examination of the record reveals that the question objected to was propounded after Brown had testified to the acts involved in the larceny in which he had participated. Furthermore, the first statement by Brown using the phrase, "On the day that I say the three of us stole Mr. Geedy's car, . . . ", was elicited from Brown during cross-examination. The District Attorney, in formulating the question during redirect examination, relied upon prior testimony which was admitted without objection. This assignment of error is overruled.

[2] Defendants also contend that the testimony of Detective Page that he stopped and took into his possession the same vehicle described by the preceding witness invaded the province of the jury in determining whether or not it was the same vehicle.

Prior to the testimony of Detective Page, State's witness Edward L. Johnson, a car salesman, had testified that he had sold a 1966 Chevrolet Chevelle to defendant Davis. A bill of sale was introduced showing that a 1966 Chevrolet Chevelle, serial number 138176A125187, had been sold to defendant Davis.

Detective Page testified that he took into possession the 1966 Chevrolet described by State's witness Johnson. This constituted a shorthand statement that the Chevrolet bore the same serial number as the one described by Johnson. If this was technical error, we see no prejudice because immediately thereafter the witness proceeded to recite the serial number of the vehicle. This assignment of error is overruled.

The evidence discloses that on 11 September 1972 Detective Page took into his possession the 1966 Chevrolet Chevelle operated by James Russell Davis, brother of defendant Davis, following the arrest of James Russell Davis for the offenses of driving without an operator's license, driving without a registration card, and operating a motor vehicle without liability insurance. The vehicle was then impounded according to standard procedure in order to protect the vehicle and its contents. In order to make a record of the vehicle he had impounded, Detective Page examined it to obtain its serial number. After 11 September 1972 the vehicle was examined by John Edward Geedy at Parrish Wrecker Service. Geedy identified the stolen parts which had been installed in the impounded vehicle.

Defendants at this point requested a voir dire; the trial court declined to hold a voir dire. Defendants contend that the trial court committed error in denying the request for a voir dire into the legality of the impoundment of the 1966 Chevrolet and the subsequent search and seizure of certain items therefrom.

[3]  Impoundment of an automobile subsequent to the arrest of the operator is a necessary step in arrest procedure. Impoundment not only serves the function of protecting the vehicle and its contents while the operator is in custody, but also protects the arresting officer and the governmental agency which employs the officer from litigation which might result from leaving an unattended automobile on the public highways or streets. We find no material challenge to the legality of impounding the vehicle subsequent to a valid arrest. The evidence was already before the Court and a voir dire was unnecessary.

Had the vehicle in question been searched by the police, it seems that the search would have been a valid search, even if the stolen articles were accidentally uncovered in the course of the search. An inventory search of an impounded vehicle, pursuant to a lawful arrest, where the search is not a direct search for

fruit of other crimes, is recognized as a valid exercise of police authority. *See* Annot., 48 A.L.R. 3d 537 (1973).

[4]  This search was made by a private individual, John Edward Geedy, in an attempt to find property stolen from him. The record does not suggest that Geedy searched at the request of the police. Inasmuch as the search was made by a private individual, not a governmental agent, no question of an unlawful search of the vehicle in the constitutional sense is raised. The trial court was correct in allowing the witness to testify following denial of the request for a voir dire. This assignment of error is overruled.

In our opinion, the defendants had a fair trial, free from prejudicial error.

No error.

Judges CAMPBELL and BRITT concur.